```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIN NOEL GRISKIE,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       15-CV-3196(JS)(AYS)

DISNEY COMPANY; WDC DIVISIONS:
WALT DISNEY STUDIOS, DISNEY MEDIA
NETWORKS, WALT DISNEY PARKS AND
RESORTS, DISNEY INTERACTIVE,
DISNEY CONSUMER PRODUCTS; WDC
SUBSIDIARIES: WALT DISNEY PICTURES,
WALT DISNEY ANIMATION STUDIOS,
WALT DISNEY THEATRICAL, WALT
DISNEY COMPANY INDIA, PIXAR,
MARVEL ENTERTAINMENT, and
DISNEY-ABC TELEVISION GROUP,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Christin Noel Griskie, pro se
                    52 Laurel Hill Road
                    Centerport, NY 11721

For Defendants:     No appearance.
```

SEYBERT, District Judge:

On May 28, 2015, pro se plaintiff Christin Noel Griskie ("Plaintiff") filed a Complaint in this Court against the Disney Company; WDC Divisions: Walt Disney Studios, Disney Media Networks, Walt Disney Parks and Resorts, Disney Interactive, Disney Consumer Products; WDC Subsidiaries: Walt Disney Pictures, Walt Disney Animation Studios, Walt Disney Theatrical, Walt Disney Company India, Pixar, Marvel Entertainment, and Disney-ABC Television Group (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

BACKGROUND[1]

Plaintiff alleges that she is suing the Defendants for "invading the privacy an[d] creating profitable content in their products, message, and images related to Harry Potter, Frozen, Dog with a Blog, and other unnamed television shows and music." (Compl. at 6.) Although difficult to comprehend, it appears that Plaintiff claims Defendants stole her ideas for the movies Frozen and Harry Potter, among others. According to the Complaint, the

> 'Harry Potter scar' on forehead is related to hospital emergency room visit I witnessed of 2 of my family members that wish to remain unnamed, in San Diego CA, 1996 (Spring). Later during 2013 (Spring) I wrote Disney discussing possible story lines related to "Smart Girl Runs" my childrens autobiography, suggesting book & movie content. This was refused in writing which I have/had the write [sic] to suggest/solicit as my own agent. Shortly thereafter the movie "Frozen" was released

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

> with multiple suble [sic] yet obvious facts & images & knowledge related to my multiple relocations similar to Elsa/weather complications.

(Compl. ¶ III. C.) Plaintiff further alleges that the "'Iron Man' movie references 'Hurley' boy name physical likeness to family." (Compl. ¶ III. C.) Plaintiff claims to have "written proof of communication with Disney just prior to the release of Frozen specifically. (Compl. at 6.)

As a result of the foregoing, Plaintiff seeks to recover a monetary damages award of $20 Billion to finance her campaigns because she is "seeking the United States Presidency & a Congressional run prior that require funding that I do not have." (Compl. ¶¶ III. C, V.) Although Plaintiff does not allege a cause of action, she lists the "US Constitution 9th Amendment" and "Bill of Rights section on Right to Privacy" at pages 7 and 9 of her Complaint. (Compl. at 7, 9.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

3

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)). Here, liberally construed, Plaintiff claims violation of her 9th Amendment right & her right to privacy. (Compl. at 7, 9.)

A. <u>The Ninth Amendment</u>

The Ninth Amendment to the U.S. Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend, IX. The Ninth Amendment "is a rule of construction that does not give rise to individual rights." <u>Zorn v. Premiere Homes, Inc.</u>, 109 F. App'x 475 (2d Cir. 2004) (citing

5

United States v. Bifield, 702 F.2d 342, 349 (2d Cir. 1983)). Thus, the Ninth Amendment does not provide a basis for a cause of action and Plaintiff's claim thereunder is not plausible as a matter of law. Accordingly, Plaintiff's Ninth Amendment claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B. State Action

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as Defendants, may be considered to

6

be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Defendants are purely private entities that do not act under color of state law. Nor are there any factual allegations from which the Court could reasonably construe that Defendants were joint actors or conspired with a state actor. Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Defendants and it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless

7

amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here and concludes that it is not.

"An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (alteration in original) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Here, Plaintiff speculates that the ideas for the movies Harry Potter, Frozen, and Iron Man were based on her life and events that happened to her and her family members. Plaintiff believes that she was targeted by Defendants because she is now and was previously a Presidential candidate. Such allegations rise to the level of irrational, are wholly incredible, and do not set forth any cognizable claim. Accordingly, the Court DENIES LEAVE TO FILE AN AMENDED COMPLAINT.

## CONCLUSION

For the reasons set forth above, Plaintiff's application

8

to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June   29  , 2015
       Central Islip, New York